**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:11-cv-531-FDW**
**(3:01-cr-00004-FDW-3)**

| | |
|---|---|
| **BRIAN TAFT EDDIE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

## I. BACKGROUND

On May 18, 2004, Petitioner was convicted following his entry of pleas of guilty to one count of conspiracy to possess with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 846 (Count One), and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Petitioner was sentenced to 262-months' imprisonment on each count, with such counts to run concurrently. (3:01-cr-00004, Doc. No. 73: Amended Judgment in a Criminal Case at 1-2). Petitioner did not file a direct appeal from this criminal judgment.

On October 20, 2011, Petitioner filed the present motion under Section 2255 contending that his prior state convictions no longer support his designation as a career offender based on, among other cases, the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th

Cir. 2011) (en banc).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)      A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted, Petitioner did not file a direct appeal from his criminal judgment, therefore the

judgment became final in 2004, or ten days after its entry on May 18, 2004.

Petitioner asserts that he is entitled to relief under <u>Simmons</u> because the Fourth Circuit has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining an appropriate sentence under the sentencing guidelines. In <u>Simmons</u>, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. <u>Simmons</u>, 649 F.3d at 243 (emphasis added). In reaching this holding, the <u>Simmons</u> Court expressly overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." <u>Id.</u> (quoting <u>Harp</u>, 406 F.3d at 246) (emphasis omitted).

Petitioner contends that his Section 2255 motion is timely under § 2255(f) because his motion was filed within one year of the date the Fourth Circuit filed its en banc decision <u>United States v. Simmons</u>. Because current Fourth Circuit law precludes relief, the Court finds that Petitioner's motion is untimely, and he is not entitled to equitable tolling based on the cases set out below.

The Fourth Circuit, in an opinion filed after Petitioner filed the present motion, held that the Supreme Court's decision in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010), and its en banc opinion in <u>Simmons</u> were not retroactive to cases on collateral review. <u>See</u> <u>United States v. Powell</u>, 691 F.3d 554 (4th Cir. 2012)); <u>see also</u>, <u>United States v. Wheeler</u>, No. 11-6643, 2012

WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing <u>Powell</u>); <u>United States v. Walker</u>, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (holding that "<u>Carachuri</u> claims may not be raised retroactively in collateral proceedings."). Based on the foregoing, the Court finds that Petitioner's Section 2255 motion is untimely and it will be dismissed.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.      Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **GRANTED**. (Doc. No. 6).

2.      Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED** as untimely. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 21, 2012

Frank D. Whitney
**United States District Judge**

frank D. Whitney
nited States District Judge